UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TIMMY WILLIAMS,

     Applicant,

v.                              CASE NO. 8:17-cv-2323-T-23MAP

SECRETARY, Department of Corrections,

     Respondent.

_____/

## O R D E R

Williams applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1)

and challenges the validity of his state convictions for armed robbery, for which he is

imprisoned for life.  Rule 4, Rules Governing Section 2254 Cases, requires both a

preliminary review of the application for the writ of habeas corpus and a summary

dismissal "[i]f it plainly appears from the face of the [application] and any exhibits

annexed to it that the [applicant] is not entitled to relief in the district court . . . ."

Williams is barred from pursuing this "second or successive" application.

Williams's earlier challenge to this same conviction in 8:97-cv-1388-T-23MAP

was denied on the merits.  (Doc. 20)  Both the district court and the circuit court

declined to issue a certificate of appealability.  (Doc. 25 and 27)  Williams cannot

pursue a "second or successive" application without permission from the Eleventh

Circuit Court of Appeals because 28 U.S.C. § 2244(b)(3)(A) proscribes that "[b]efore

a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).

Williams asserts newly discovered evidence proves his innocence. As Section 2244(b)(2)(B) explains, a claim based on new facts is a basis for pursuing a "second or successive" application:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offence.

Williams must convince the circuit court that his asserted newly discovered evidence warrants his pursuing a second or successive application.

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive

> petition, and therefore could not issue a COA with respect to
> any of these claims.

*Accord Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *See also United States v. Robinson*, 579 Fed. App'x 739, 741 n.1 (11th Cir. 2014)[*] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED**. The clerk must close this case.

ORDERED in Tampa, Florida, on October 10, 2017.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.